**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4024

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMIAN ROBERT GUTHARY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00160-FL-1)

Submitted:  August 24, 2023                           Decided:  September 6, 2023

Before NIEMEYER and GREGORY, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damian Robert Guthary pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Guthary below the advisory Sentencing Guidelines range to 70 months' imprisonment, to be followed by three years' supervised release. Guthary appealed, challenging the validity of his guilty plea and arguing that the district court erred by imposing discretionary conditions of supervised release in the written judgment that it did not announce at sentencing. We affirmed Guthary's conviction, finding that he failed to show on plain error review that his guilty plea was not knowing and voluntary. *United States v. Guthary*, No. 19-4787, 2022 WL 3136938, *1-2 (4th Cir. Aug. 5, 2022), *cert. denied*, 143 S. Ct. 482 (2022). Because the district court did not announce at sentencing all of the discretionary conditions of Guthary's supervised release that were included in the written judgment, we vacated Guthary's sentence and remanded for resentencing. *Id.* at *2.

On remand, the district court conducted a full resentencing and imposed a further downward variant sentence of 62 months' imprisonment to be followed by three years' supervised release. Guthary timely appealed.

Counsel for Guthary has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the calculation of Guthary's advisory Guidelines range and whether Guthary received ineffective assistance of counsel at resentencing or was subjected to prosecutorial

2

misconduct.  The Government moves to dismiss the appeal as barred by the appellate waiver included in Guthary's plea agreement.  We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  Generally, if the district court questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the significance, the waiver is both valid and enforceable.  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Our review of the record confirms that Guthary knowingly and voluntarily waived his right to appeal issues relating to the establishment of the advisory Guidelines range and any sentence within the advisory Guidelines range established at sentencing.  We therefore conclude that the waiver is valid and enforceable and that Guthary's challenge to the calculation of his sentence falls squarely within the scope of the waiver.

As for the issues of ineffective assistance of counsel and prosecutorial misconduct, these claims are outside the scope of the appeal waiver.  Counsel concluded that he could not discern any ineffective assistance of counsel or prosecutorial misconduct.  Because our review of the record similarly reveals no conclusive evidence of ineffective assistance of counsel, any such claims are not cognizable on direct appeal.  *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).  Likewise, we discern no instances of prosecutorial misconduct.  *See United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007) (providing standard).

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Guthary's appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Guthary, in writing, of the right to petition the Supreme Court of the United States for further review. If Guthary requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Guthary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*